II. Equal Protection
Appellant's equal protection argument is based on the assertion that the challenged ordinance improperly infringes on Appellant's right to travel. The California Supreme Court in Tobe analyzed this issue at length, and concluded that the ordinance in question there, which prohibited camping and storage of certain items in particular public places, did not impermissibly *432 infringe on the right of the homeless, or others, to travel. ( Tobe, supra, 9 Cal.4th at pp. 1096-1104, 40 Cal.Rptr.2d 402, 892 P.2d 1145.) The Court cited Joyce v. City and County of San Francisco (N.D. Cal. 1994) 846 F.Supp. 843, in which that Court rejected the argument that the city must show a compelling state interest under a strict scrutiny standard, noting that the law was not facially discriminatory as it did not distinguish between residents of the city and other persons.
The California Supreme Court in Tobe reversed the Court of Appeal's judgment that the Santa Ana ordinance impermissibly infringes on the right of homeless to travel and declared:
The right to travel does not ... endow citizens with a "right to live or stay where one will." While an individual may travel where he will and remain in a chosen location, that constitutional guaranty does not confer immunity against local trespass laws and does not create a right to remain without regard to the ownership of property on which he chooses to live or stay, be it public or privately owned property. [¶] ... [W]ith few exceptions, the creation or recognition of a constitutional right does not impose on a state or governmental subdivision the obligation to provide its citizens with the means to enjoy that right. [Citations.] Santa Ana has no constitutional obligation to make accommodations on or in public property available to the transient homeless to facilitate *8 their exercise of the right to travel. [Citations.]
( Tobe, supra, 9 Cal.4th at pp. 1103-1104, 40 Cal.Rptr.2d 402, 892 P.2d 1145 ; see also, Allen, supra, 234 Cal.App.4th at p. 55, fn.1, 183 Cal.Rptr.3d 654 [rejecting a similar claim].) We similarly conclude that the San Diego ordinance at issue does not impermissibly restrict the right to travel.
The Tobe Court noted that it was not insensitive to the importance of the larger issues raised by petitioners and amici curiae, but explained:
Many of those issues are the result of legislative policy decisions. The arguments of many amici curiae regarding the apparently intractable problem of homelessness and the impact of the Santa Ana ordinance on various groups of homeless persons (e.g., teenagers, families with children, and the mentally ill) should be addressed to the Legislature and the Orange County Board of Supervisors, not the judiciary. Neither the criminal justice system nor the judiciary is equipped to resolve chronic social problems, but criminalizing conduct that is a product of those problems is not for that reason constitutionally impermissible. [Citation.]
( Tobe, supra , 9 Cal.4th at p. 1092, fn. 12, 40 Cal.Rptr.2d 402, 892 P.2d 1145.)
This court is not insensitive to the struggles faced by the homeless population in San Diego or the serious collateral issues caused by homelessness within the San Diego community. However, our function is limited to judicial review of the validity of the ordinance being challenged as a result of the judgment in the trial department. As the Supreme Court in Tobe advised, broader policy considerations should be addressed by the appropriate legislative bodies.
The judgment is affirmed.